IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENETTA SIDNEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7790 |
| | ) | |
| v. | ) | Judge: Wayne Andersen |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) ) | Magistrate Judge: Sheila Finnegan |
| Defendants. | ) | |

## MOTION TO QUASH NOTICES OF DEPOSITION AND FOR A PROTECTIVE ORDER BARRING DEPOSITION OF DEFENDANT THOMAS J. DART

NOW COMES Defendant, THOMAS J. DART, Sheriff of Cook County, through his attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and moves to quash notices of the deposition for the twelve people named in the June 8, 2010 Notices of Deposition and for a protective order barring Thomas Dart's deposition in this matter.

### I. INTRODUCTION

The matter before this Honorable Court arises out of the alleged shackling of Plaintiff, a pregnant pre-trial detainee, during her period of delivery at Stroger Hospital. The only relief sought is monetary. The complaint names Thomas J. Dart and Cook County as defendants. Thomas J. Dart is the current, duly elected Sheriff of Cook County. This case alleges that certain policies (a.k.a. "general orders") and procedures of the Cook County Department of Corrections (CCDOC) violate Illinois statute and 42 U.S.C. § 1983.

On June 8, 2010, Defendants' counsel received, by U.S. Mail, twelve notices of deposition in this case. (Ex. 1.) Plaintiffs seek to depose Sheriff Dart and eleven External

Operations Officers under his employ. The parties did not stipulate to depose more than ten people, nor did any party seek leave from the Court in order to conduct more than ten depositions.

## II. ARGUMENT

**A. Thomas Dart is a high ranking government official and should not be subject to deposition unless there is a showing that his deposition will lead to admissible evidence relevant to the disposition of the case.**

Plaintiff's request to depose Sheriff Dart is substantially the same as the plaintiffs' requests to depose Dart in the related actions *Bryant v. Sheriff of Cook County*, 09-cv-1546 (N.D. Ill. Filed Mar. 11, 2009) (Gottschall, J.), *see* Doc. 23 (Filed Sep. 4, 2009); *Morales v. Dart*, 09-cv-3546 (N.D. Ill. Filed Jun. 11, 2009) (Kennelly, J.), *see* Doc. 22 (Filed Nov. 13, 2009); and *Lee v. Dart*, 09-cv-7789 (N.D. Ill. Filed Dec. 15. 2009) (Leinenweber, J.), *see* Doc. 14 (Filed Jun. 3, 2010). Plaintiffs Bryant, Morales, and Lee in those actions and Plaintiff Sidney here are represented by the same attorneys and raise identical claims relating to alleged shackling of inmates during the birthing process. Judge Gottschall denied Bryant's request, *Bryant*, 09-cv-1546, Doc. 25 (Minute Entry) (Filed Sep. 10, 2009), and Judge Kennelly denied Morales' request, *Morales*, 09-cv-3546, Doc. 24 (Minute Entry) (Filed Nov. 18, 2009). Lee's request is pending before Judge Leinenweber. Now their attorneys make the same request of this Court in a further attempt to forum-shop.

"The policy considerations underlying witness immunity for testimony in open court apply with equal force to other forms of testimony such as depositions and affidavits." *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1996). "In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge. The immunity is warranted because such officials must be allowed the freedom to

perform their tasks without the constant interference of the discovery process." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wisc. 1994) (citing *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)); *see Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999).

The notice of deposition of Defendant Dart should be quashed and a protective order barring the deposition should issue because the Plaintiff is unable to demonstrate that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of Sheriff Dart to perform his governmental duties. *United States v. Menominee Tribal Enters.*, 2008 U.S. Dist. LEXIS 64607, *37-38 (E.D. Wisc. June 2, 2008); *see, e.g.*, *Marisol A. v. Guiliani*, 1998 U.S. Dist. LEXIS 3719, *6-7 (S.D.N.Y. Mar. 23, 1998) (quashing deposition of New York City's mayor).

Moreover, the Plaintiff is required to show a "real need" for a high-ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir. 1997). Plaintiff is unable to show that the information she is seeking is not available from depositions of other persons, or that it cannot be obtained through interrogatories or other less-intrusive discovery devices. *See e.g.*, *Olivieri*, 122 F.3d at 410; *Chicago Reader Inc. v. Sheahan*, 192 F.R.D. 586, *3 (N.D. Ill. 2000) (Moran, J.).

It is well-settled that high ranking governmental officials should not be subject to deposition unless the testimony sought will lead to admissible evidence relevant to the disposition of the case. *Olivieri,* 122 F.3d at 409-10. This standard arises out of well-placed concern that busy officials should not be prevented from attending to their official duties by having to spend their time giving depositions in cases arising out of the performance of their

official duties when that information is readily available through another source or via a less intrusive method of discovery. *See, id*. In addition, adherence to these principles is necessary to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making. *See, United States v. Morgan,* 313 U.S. 409, 422 (1941).

Thomas Dart is the elected sheriff of a county that is home to 5.3 million residents and the nation's third-largest city. The Sheriff of Cook County has the principal responsibility of protecting people and property and providing general services, such as patrolling hundreds of miles of County highways throughout Chicago, its suburbs, and the unincorporated areas of the County. Dart oversees the second-largest sheriff's department in the nation and employs a staff of over 6,800. Sherriff Dart is an independently elected officer who answers to the electorate and is, thus, not just a Cook County employee, but actually a County officer. *Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E.2d 926, 931 (1994); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989).

Sheriff Dart, in attending to the affairs of Cook County, qualifies as a busy and high-level government official. As such, he should not be required to spend his time giving depositions in cases arising out of the performance of his official duties where the testimony sought is easily obtained from other sources or via less-burdensome means. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409-10 (7th Cir. 1997). Before demanding that Sheriff Dart submit to a deposition, Plaintiff must show the Court "some reason to believe that the deposition . . . will lead to or produce admissible evidence in [this case]." *Cannon v. Burge*, 05-cv-2192, 2007 U.S. Dist. LEXIS 60788, *16 (N.D. Ill. Aug. 20, 2007) (St. Eve, J.) (citing *Olivieri*, 122 F.3d at 410).

Defendant Dart is already in the process of answering interrogatories in this case and in the related *Lee* case. 09-cv-7789 (Leinenweber, J.). In addition, Defendants have already produced a number of Rule 30(b)(6) witnesses for full depositions who have policymaking roles within the Sheriff's Office or in concert with the Sheriff's Office.[1] The method used by the district court (and approved by the Seventh Circuit) in *Olivieri* should be followed in this case. *See*, 122 F.3d at 410 ("Deposing the superintendent was not necessary in order to get an answer under oath to this simple question; a written interrogatory would do just as well."). Plaintiff should be required to determine whether Sheriff Dart has any relevant and admissible information via interrogatories. Then, Plaintiff should then be required to make a showing to this Court demonstrating that there is a "real need" for the deposition. *Id*. at 409.

Plaintiff's counsel have never attempted to make a showing of "real need" (or even any need) to depose Sheriff Dart in this or any related case. Plaintiff's counsel's continued attempts to depose Dart, without attempting to heed the legal authorities brought to their attention by the similar motions in *Morales*, *Bryant*, and *Lee*, wastes the time of defense counsel and this Court.

**B. The parties did not stipulate to depose more than 10 people, nor did Plaintiffs seek leave from the Court to do so.**

Although the Federal Rules of Civil Procedure contain liberal discovery provisions, they also provide the Court with a great deal of discretion to use in controlling the extent and timing of discovery. *Rockies Express Pipeline LLC, vs. Indiana State Natural Res. Comm'n.*, 2010 U.S. Dist. LEXIS 45205 (S.D. Ind. 2010) (citing *Gile v. United Airlines*, 95 F.3d 492, 496 (7th Cir. 1996)). Rule 30(a)(2)(A) states that a party must obtain leave of court if they wish to examine more than ten people to and the parties have not stipulated to modify that ground rule. Nor does

---

[1] These witnesses include Michael Holmes II, Gary Hickerson, Jennifer Black, and Terrie McDermott (whose depositions were taken under the aegis of the lead putative class action case, *Zaborowski v. Dart*, 08-cv-6946 (St. Eve, J.), but are applicable to all of the related cases) and Thomas Snooks (whose deposition was taken under the aegis of four cases, including this one, and is likewise applicable to all related cases).

Rule 30 *entitle* a party to take even 10 depositions in all cases. *See Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 4 n.2 (D.D.C. 2009) (rejecting claim that Rule 30 provides an entitlement to a minimum of 10 depositions). "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles." Fed. R. Civ. P. 30(a) advisory committee's note (1993). A party seeking leave to take more than ten depositions must *explicitly* seek and obtain leave of court. 7-30 Moore's Federal Practice - Civil § 30.05[1][b]; See also: *Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284, 286 (D. Mass. 2000) (where court only granted extension of time to complete discovery as permitted by Federal Rules, not take depositions in excess of the limit of 10).

On May 21, 2010, this Court allowed an extension of discovery until June 18, 2010 to conduct the deposition of the Plaintiff, who is currently incarcerated at an Illinois Department of Corrections facility in Lincoln, IL. (Dkt. 22.) Defendants received Plaintiff's mailed Notices of Deposition for twelve deponents on June 8, two weeks after this Court granted the extension and less than ten days before the close of discovery. (See Ex. 1.) Not only were the notices sent well after the extension was granted, the number of people to be examined listed on the Notices of Depositions exceeds the number allowed by Rule 30. There has been no agreement of the parties, nor an order by this Court, to depart from Rule 30's limits.

Plaintiff's counsel should not be rewarded for attempting to circumvent the explicit language of Rule 30 by attempting to notice a number in excess of the allowance set forth by Rule 30 at the tail end of the extended discovery window. Defendants request that this Court quash the notices of deposition for the twelve people in Plaintiff's June 8, 2010 Notices of

Depositions, and order Plaintiffs to request a more reasonable number of depositions or make an appropriate motion to this Court.

### III. CONCLUSION

**WHEREFORE**, based upon the foregoing, Defendant Thomas Dart, Sheriff of Cook County, prays that this Honorable Court enter an order quashing the notice of deposition and issue a protective order barring his deposition in this case. If, after examining Dart's responses to interrogatories, Plaintiff believes Sheriff Dart has relevant and admissible information unavailable from another source, she should be required to seek this Court's permission, based on an appropriate showing of "real need," before Dart is required to submit to a deposition.

Defendants further pray that this Honorable Court enter an Order quashing the Notice of Deposition for the twelve persons listed in Plaintiff's June 8, 2010 Notice of Deposition as excessive.

Defendant Dart further prays that this Court order Plaintiff and Plaintiff's counsel to pay Defendant's attorneys fees for the time necessary to draft and file this motion.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Patrick S. Smith
Patrick S. Smith
Assistant State's Attorney
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Illinois 60602
(312) 603-1422