IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Benetta Sidney | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 09 C 7790 |
| | ) | |
| Thomas J. Dart, Sheriff of Cook County and Cook County Illinois | ) | Judge: Anderson |
| | ) | Magistrate Judge: Finnegan |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH THE DEPOSITION OF DEFENDANT THOMAS J. DART AND MEMBERS OF THE SHERIFF'S OFFICE**

Now comes Plaintiff, Benetta Sidney, by and through her attorneys Thomas G. Morrissey and Kenneth N. Flaxman and responds to Defendant's Motion to Quash as follows:

1. In the Complaint, Defendant Dart is named individually and in his official capacity.

2. Plaintiff avers that Defendant Dart has personal knowledge and enforced a "shackling policy" for pregnant pre-trial detainees before, during, and after labor.

3. Defendant Dart has publicly defended his "shackling policy" by asserting that "many women" have escaped from custody during childbirth. (Sheriff Dart Letter to Editor, Chicago Tribune, June 25, 2009, attached as Exhibit 1 *infra*.) According to Defendant Dart, "Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk."

4. Consistent with *Olivieri v. Rodriguez*, 122 F.3d 406 (7th Cir. 1997), plaintiff's attorney initially propounded written discovery to elicit Defendant Dart's personal knowledge of the "shackling policy."

5. On June 2, 2010 defense counsel tendered unsigned answers to Defendant Dart's interrogatories that were vague, inconsistent, and incomplete. (Defendant's Answers to Plaintiff's Interrogatories, attached as exhibit 2 *infra.*)

6. In accordance with Local Rule 37(2) plaintiff's attorney sent a letter seeking complete responses to interrogatories. (attached as exhibit 3 *infra.*)

7. In accordance with Local Rule 37(2) plaintiff's attorney and defense counsel conferred on or about June 9 in regards to Defendant Dart's incomplete answers to plaintiff's interrogatories. Defense counsel sent a letter to plaintiff's attorney June 11, 2010 and stated that Defendant Dart's completed answers should be faxed to plaintiffs by Tuesday, June 15, 2010. (attached as exhibit 4 *infra.*)

8. The same June 15, 2010 letter from defense counsel memorialized the joint understanding that plaintiff will only depose External Operations Sheriff Officers that the defense "may call at trial." (*Id.*)

9. On June 15 plaintiff's counsel attempted to contact defense counsel several times and sent via facsimile a letter requesting the status of Defendant Dart's answers to interrogatories.

10. Plaintiff's counsel have yet to receive a response.

Wherefore, plaintiff prays for an order denying the Defendant's Motion to Quash.

Respectfully submitted,

/s/ Thomas G. Morrissey
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233- 7900

# chicagotribune.com

## Archives Opinion

Return to your last page

Archive for Thursday, June 25, 2009

# Handcuffing pregnant inmates

June 25, 2009

## Handcuffing pregnant inmates

This is in response to "Suit: Inmate shackled in labor, Woman was incarcerated days before hospital delivery" (News, June 12).

Attorneys Thomas Morrissey and Kenneth Flaxman allege that the jail's policy for handcuffing pregnant inmates while they are treated at outside hospitals violates state law.

Nothing could be further from the truth.

In fact, the jail's written policy specifically cites the statute in question and orders correctional officers to not handcuff pregnant inmates while they are being transported to the hospital and while they are delivering their babies.

Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk.

That is why we are permitted by law to cuff pregnant inmates to their hospital beds if they are not in labor and after child birth.

Many female inmates have successfully escaped custody while receiving medical treatment (including child birth) at hospitals outside of Cook County Jail.

The policy is in place to protect both the hospital staff and the female inmates.

In fact, not long ago, a female inmate who was hospitalized for surgery died while jumping from a hospital window at the in an escape attempt while she was recovering from the operation.

Further, it should be mentioned that the sheriff's office has operated a program called MOM's that has allowed hundreds of pregnant inmates who are charged with non-violent crimes to receive therapeutic pre- and post-natal care while in custody.

The program includes substance abuse counseling and mental-health treatment for pregnant inmates, and it allows them to remain with their babies after birth in a secure setting outside the jail walls.

— Thomas J. Dart, sheriff of Cook County, Chicago

---

**Related articles**


EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Benetta Sidney, | ) |
| Plaintiff, | ) No. 09 C 7790 |
| v. | ) Judge Wayne Anderson |
| | ) (jury demand) |
| Thomas J. Dart, Sheriff of Cook County, | ) |
| And Cook County, Illinois | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify all written policies, procedures, and training manuals relating to guarding or providing security for detainees during transport and while they are patients at a hospital, including but not limited to the practice or policy of restraining and/or shackling detainees to hospital beds.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.**

2. Identify any and all persons, including employees of the defendants, with knowledge pertaining to the defendants practice or policies of restraining and/or shackling detainees to hospital beds.

**ANSWER: Superintendent Gary Hickerson, Michael Holmes III, Jocelyn Jackson, and Thomas Snooks. Investigation continues.**

1



3. Identify the various positions defendant Thomas J. Dart has held with the Office of Sheriff of Cook County and the period of time Defendant Dart served in each position.

**ANSWER: Defendants object to providing any information that is irrelevant to any claims or defenses and/or that is not reasonable calculated to lead to any admissible evidence. Subject to and without waiving these objections, Defendants answer that for approximately two years, Thomas Dart was Chief Advisor to Sheriff Sheahan.**

4. State whether Defendant Thomas Dart has knowledge of the policies, practices and/or procedures of the Office of the Sheriff of Cook County concerning guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER: Plaintiff Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies.**

5. Unless your answer to the proceeding interrogatory is an unqualified "no", state the following:

6. The source of Defendant Dart's knowledge of the Sheriff Office policies, practices and procedures for guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants direct Plaintiffs to**

2

previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.

7. The date when Defendant Dart first became aware of the Sheriff's Office policies, practices and procedures for guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER:** **Defendants object to providing information that is irrelevant to any claims or defenses and/or that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant Dart became aware of the existence of such policies on or about July 2009. Investigation continues.**

8. Describe Defendant's Dart understanding of the Sheriff's Office policies, practices and procedures of guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER:** **Plaintiff Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies. Investigation continues.**

9. The source which Defendant's Dart relied on for his statement in the June 25, 2009 letter to the editor of the Chicago Tribune that "many women" have escaped from custody during childbirth.

3

ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, investigation continues.

10. Describe any and all steps taken by Defendant Thomas Dart to alter or change the Sheriff's Office policies, practices and procedures of guarding and/or providing security for detainees during transport and while they are patients at a hospital since the filing of Zaborowski v. Sheriff of Cook County, No. 8 C 6946 on December 4, 2008.

ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.

11. During the period from December 1, 2004 to the present, has there ever been a practice or policy of restraining and/or shackling certain detainees to hospital beds.

ANSWER: Defendants object to Paragraph 9 as it relates to the December 1, 2004 date, because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and not waiving this objection, Defendants answer yes. Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

12. Unless your answer to the proceeding interrogatory is an unqualified "no", state the following:

13. The period of time when the defendants' practice or policy of restraining and/or shackling detainees to hospital beds was in effect.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

14. Whether the defendants' practice or policy or restraining and/or shackling detainees to hospital beds applied to all hospitalized detainees.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

15. If the defendants' practice or policy of restraining and/or shackling detainees to hospital beds only applied only to certain hospitalized detainees, identify what criteria or factors were used by the defendants in selecting which hospitalized detainees were shackled to their hospital beds.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

16. Identify the names of all employees assigned to guard and/or provide security when plaintiff was hospitalized in John H. Stroger Hospital in July of 2009.

**ANSWER: Defendants incorporate by reference previously tendered documents titled External Operations Daily Detainee Hospitalization Checklists. Defendants further direct Plaintiffs to Daily attendant's sheet for dates in question.**

17. Identify any and all reasons why it was necessary to shackle the plaintiff to a hospital bed prior to and after the delivery of her child in July of 2009.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

18. Identify any and all individuals with knowledge relating or pertaining to the plaintiff presenting a flight risk or security risk during her hospitalization in July of 2009.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

19. Describe any and all changes and the effective dates of changes, if any, which have been made with respect to the Sheriff's written policies, procedures, and practices concerning guarding or providing security for detainees during transport and while they are patients at a hospital that have occurred after filing of Zaborowski v. Sheriff of Cook County, No. 8 C 6940 on December 4, 2008.

ANSWER: Defendants object to providing any information that is irrelevant to any claims or defenses and/or that is not reasonable calculated to lead to any admissible evidence. Subject to and without waiving these objections, investigation continues.

                    Respectfully Submitted,
                    ANITA ALVAREZ
                    State's Attorney of Cook County

By:   /s/Patrick Smith
      Patrick Smith
      Assistant State's Attorney
      Deputy Supervisor Torts/Civil Rights Litigation
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-2388

Mr. Patrick S. Smith
Asst. Cook County State's Attorney
69 W. Washington St., 20th flr.
Chicago, Il. 60602

June 8, 2010

Re: Sidney v. Dart 09 C 7790

Via: U.S. Mail and facsimile

Dear Mr. Smith :

I am writing to you pursuant to Local Rule 37(2) concerning the defendants response to plaintiff's interrogatories. As an initial matter, Thomas Dart has been named in his individual and official capacity. The document is not signed by Thomas Dart as required under Rule 33 of the Federal Rule of Civil Procedures for a person responding to interrogatories nor is it signed by an officer or agent from the Sheriff's Office. Please provide me with properly executed answers to the plaintiff's interrogatories .

In addition to being improperly executed, I have the following comments in regards to the document tendered in response to the interrogatories:

Interrogatory # 8

Defendant Dart's answer is not response to the question. Defendant Dart failed to describe his understanding of the policy and/or practice of guarding or providing security for detainees during transport and while they are patient at a hospital.

Interrogatory #9

Defendant Dart failed to respond to the question requesting the basis of his statement that "many women" have escaped from custody during childbirth.



Interrogatory #10

Defendant Dart failed to state what steps, if any, were taken after he became aware of the policy/or practice;

Interrogatory #17

Defendants failed to respond to the reason why it was necessary to shackle the plaintiff's leg to her hospital bed prior to and after she gave birth.

Interrogatory # 18

Defendants failed to identify any and all individuals with knowledge relating to whether the plaintiff presented a flight or security risk during the periods complained of in her complaint;

Please contact me to discuss resolving the above outstanding matters.

Sincerely,

Thomas G. Morrissey



## OFFICE OF THE STATE'S ATTORNEY
### COOK COUNTY, ILLINOIS

**ANITA ALVAREZ**
**STATE'S ATTORNEY**

69 W. Washington Street
Suite 2030
Chicago, Illinois 60602
(312) 603-1430

PATRICK SMITH
Deputy Supervisor
CONFLICTS COUNSEL UNIT

June 11, 2010

Thomas G. Morrissey, Ltd.
Attorney At Law
10249 S. Western Avenue
Chicago, Illinois 60643

Dear Tom:

    Per our understanding we will give you a list of Ex-Ops Sheriff Officers that we may call at trial. Since the Sidney discovery cut off is June 21, 2010 we may have to jointly seek the Court on June 17, 2010 for a short extension to depose the Ex-Ops Officers.

    Furthermore, I hope to have Dart's Interrogatories Answers on Lee and Sidney faxed to you by Tuesday, June 15, 2010.

Sincerely yours,

ANITA ALVAREZ
Cook County State's Attorney

By: _____
Patrick Smith
Assistant State's Attorney
69 West Washington, Suite 2030
Chicago, Illinois 60602
(312) 603-1422


EXHIBIT 4

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2010, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick Smith, ASA, 69 W. Washington, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Thomas G. Morrissey
Thomas G. Morrissey
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900 (phone)
(773) 239-0387 (fax)
tgmlaw@ameritech.net (email)