**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENETTA SIDNEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7790 |
| | ) | |
| v. | ) | Judge:  Wayne Andersen |
| | ) | Magistrate Judge: Finnegan |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO QUASH THE DEPOSITION OF THOMAS J. DART

NOW COMES Defendants Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois, by and through their attorney, ANITA ALVAREZ, through her assistant, Assistant State's Attorney PATRICK S. SMITH, and replies to Plaintiff's Response as follows:

### PLAINTIFF FAILS TO SHOW NEED TO DEPOSE DEFENDANT DART

Despite having two-weeks' notice, Plaintiffs filed their Response to Defendants' Motion to Quash mere hours before the scheduled hearing on the issue, in violation of the notice requirement on this Court's public webpage.  As a result, Defendant was denied notice that a response was filed and suffered a detriment at the podium when Plaintiff's counsel argued points from the improperly filed response.

Plaintiff states that her interrogatories were served pursuant to *Olivieri v. Rodriguez*, 122 F.3d 406 (7th Cir. 1997).  (Dkt. 18 ¶ 4.)  *Olivieri* states that high-ranking government officials "should not have to spend their time giving depositions in cases arising out of their performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri*, 122 F.3d at 409, 410.  However, the court may allow a

plaintiff to first send interrogatories in order to show the necessity of the deposition of a high-ranking government official. *Id.*

Plaintiff states in her Response to Defendants' Motion to Quash that she "propounded written discovery to elicit Defendant Dart's personal knowledge of the 'shackling policy.'" (Dkt. 18 ¶ 4.)   Defendant Dart answered Plaintiff's Interrogatories, showing that Defendant Dart had no personal knowledge of the creation or day-to-day implementation of the policies in question.  (Plaintiff's Ex. 2, Dkt. 18 ¶ 2.)  Defendant Dart's Answers to Plaintiff's Interrogatories demonstrate that there is no need to depose Defendant Dart, due to his lack of personal knowledge of the implementation of said policies.  (Plaintiff's Ex. 2, Dkt. 18.)  Plaintiff, dissatisfied with the answers provided, demanded that signed answers be provided by Defendant Dart.  (Plaintiff's Ex. 3 Dkt. 18.)  Defendants have since furnished Plaintiff with answers signed by a person with the authority to sign for Defendant Dart.

In an attempt to bolster her demonstration of need to depose Defendant Dart, Plaintiff states that she avers that Defendant Dart has personal knowledge of a policy that shackles pregnant pre-trial detainees "before, during, and after labor." (Dkt. 18 ¶ 2.)  Plaintiff points to a letter to the Chicago Tribune in an attempt to demonstrate this alleged personal knowledge by Defendant Dart.  (Plaintiff's Ex. 2 , Dkt. 18.)  This letter, however, merely states that the Sheriff knows of the existence of a policy that requires shackling of women who are *not* in labor and *after* childbirth.  *Id.*  The letter does *not* show that Defendant Dart has firsthand knowledge of the day to day implementation of said policies, nor any practice that would deviate from the written policies or procedures.  *Id.*  Further, despite her statement in her Response, Plaintiff has not alleged at any point prior to that filing that Defendant Dart has knowledge of any policy that

2

shackles *before* labor.  See (Dkt. 1 ¶ 4) (complaining that Defendant Dart's policy applies to women *during* and "*immediately after*" labor and delivery) (emphasis added).

Plaintiff was denied the opportunity to depose Defendant Dart in related cases, because he was unable to show that Defendant Dart's deposition would lead to any discoverable evidence.  See *Bryant v. Dart*, No. 09 C 1546 (N.D. Ill. filed March 11, 2009); *Morales v. Dart*, No. 09 C 3546 (N.D. Ill. filed June 11, 2009).  As stated in Olivieri, high-ranking government officials should not be subject to Deposition unless Plaintiff makes a showing of need for such a deposition.  *Olivieri*, 122 F.3d at 410.  Plaintiff has yet to show need to depose Defendant Dart, and as such should not be granted the ability to do so.

## CONCLUSION

**WHEREFORE,** based on the foregoing, and the reasons stated in Defendants' Motion to Quash Notice of Deposition and for a Protective Order Barring Deposition of Defendant Thomas J. Dart, Defendant Thomas Dart, Sheriff of Cook County, requests that this Honorable Court enter an order quashing the notice of deposition and issue a protective order barring his deposition in this case.

Defendant Dart further prays that this Court order Plaintiff and Plaintiff's counsel to pay Defendant's attorneys fees for the time necessary to draft and file this motion.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County
By:  /s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, Suite 2030
Chicago, Illinois 60602
(312) 603-1422