IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bennetta Sidney | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV 7790 |
| | ) | |
| Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois | ) | *(Magistrate Judge Finnegan)* |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

# PLAINTIFF'S SUPPLEMENT TO MEMORANDUM IN OPPOSITION TO MOTION TO QUASH DEPOSITION OF DEFENDANT DART

On June 17, 2010, the Court entered and continued the motion to quash to June 23, 2010 "to permit Defendants an opportunity to serve, and Plaintiff to examine, the interrogatory answers of Defendant Dart." (Order, June 23, 2010.) The interrogatory answers, attached as Exhibit 1, show the need to depose defendant Dart.

## I. Background

Plaintiff, while a pre-trial detainee at the Cook County Jail, delivered a child on July 27, 2009. (Complaint, par. 15.) Plaintiff was shackled when she was transported to the hospital (Complaint, par. 12), and remained shackled to her hospital bed during labor until about 30 minutes before delivery. (Complaint, par. 15.) Plaintiff was re-shackled to the bed shortly after childbirth and remained shackled until her release from the hospital on July 30, 2009. (Complaint, par. 16.)

Plaintiff contends in this lawsuit that her shackling was unlawful under state and federal law, and seeks damages from defendant Thomas J. Dart in his individual capacity, as well as in his official capacity as Sheriff of Cook County.

Plaintiff seeks to depose Dart; now before the Court is Dart's request for a protective order to bar the deposition.

## II. The Interrogatory Answers Show the Need to Depose Defendant Dart

There are three reasons why the interrogatory answers show the need to depose defendant Dart:

First, the answers are not signed by defendant Dart. This is a basic violation of the commands of Rule 33 of the Federal Rules of Civil Procedure:

> Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney. *Hindmon v. Natl.-Ben Franklin Life Ins. Corp.,* 677 F.2d 617, 619 (7th Cir. 1982) (observing that interrogatory answers signed by attorney and not party violated "the clear mandate of Federal Rule of Civil Procedure 33(a)"); *accord Overton v. City of Harvey,* 29 F.Supp.2d 894, 901 (N.D.Ill. 1998) (striking as summary judgment exhibit plaintiff's unverified answers to interrogatories signed only by attorney); *McDougall v. Dunn,* 468 F.2d 468, 472-73, 476 (4th Cir. 1972) (finding error in sustaining interrogatory responses signed under oath only by counsel); *Fonville v. Dist. of Columbia,* 230 F.R.D. 38, 45 (D.D.C. 2005) (finding paralegal's signing of interrogatory answers "utterly improper" since interrogatories must be answered by party to whom they were served).
>
> *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D.Ill. 2010)

Second, the answers show the Dart's personal involvement in the continuation of the shackling policy in July of 2009.

To establish Dart's personal liability for her shackling in the latter part of July, 2009, plaintiff must establish Dart's personal involvement in the policy. Dart wrote a letter to the Chicago Tribune defending the shackling policy that was published on June 25, 2009. Plaintiff inquired about Dart's knowledge of the policy at the time he wrote that letter in interrogatory 9; the answer to this interrogatory consists of a boilerplate objection and the statement "investigation continues."

A basic question in whether Dart is personally liable is when he became aware of the shackling practices; the response to this question in interrogatory 7 is:

> Defendant Dart became aware of the existence of such policies on or about July 2009. Investigation continues.

Another basic question relevant to personal liability is what action, if any, Dart took after he became aware of the shackling practice. The response to interrogatory 10, which seeks this information, is a boilerplate objection and a non-responsive reference to documents.

Third, the remaining interrogatory answers are vague and non-responsive and are supported by a "verification" that is so carefully qualified as to render the answers meaningless.

In interrogatory 8, plaintiff asks about Dart's understanding of the shackling policies; the answer is:

> Plaintiff (sic) Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies. Investigation continues.

This vague and non-responsive answer is typical of the interrogatory responses which are supported by the sworn declaration of the Sheriff's General Counsel that he does "not have personal and first-hand knowledge of every fact herein and thus have relied upon the sources identified therein." (Exhibit 1 at 5.)

Defense counsel asserts that the interrogatory answers show that "Defendant Dart had no personal knowledge of the creation or day-to-day implementation of the policies in question." (Def.Mem. 2.) This assertion is meaningless because defendant Dart failed to verify the interrogatory answers.

Defense counsel also relies on orders in two other shackling cases, both filed before July of 2009 when Dart admits that he became personally aware of the shackling policy. (Def.Mem. 3.) Neither of these cases can be dispositive of the question of whether a deposition in this case – where the shackling occurred at the end of July of 2009 when Dart was personally aware of the shackling policy – is likely to lead to relevant information.

Interrogatory answer 7 makes plain that Dart knew about the shackling policy in July of 2009, when plaintiff delivered her child. As in *Egonmwan v. Cook County Sheriff's Department,* No. 06 CV 4794 (April 29, 2008) (attached as Exhibit 2), this is a sufficient reason to allow Dart to be deposed. *See Clinton v. Jones,* 520 U.S. 681, 703-05 (1997); *Northwestern Univ. v. City of Evanston,* 2001 WL 743756

(N.D.Ill. June 29, 2001) (permitting deposition of mayor and city manager).

It is therefore respectfully submitted that the motion to quash be denied.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

*Attorneys for Plaintiff*

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Benetta Sidney, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7790 |
| | ) | Judge Wayne Anderson |
| v. | ) | (jury demand) |
| | ) | |
| Thomas J. Dart, Sheriff of Cook County, And Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify all written policies, procedures, and training manuals relating to guarding or providing security for detainees during transport and while they are patients at a hospital, including but not limited to the practice or policy of restraining and/or shackling detainees to hospital beds.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.**

2. Identify any and all persons, including employees of the defendants, with knowledge pertaining to the defendants practice or policies of restraining and/or shackling detainees to hospital beds.

**ANSWER: Superintendent Gary Hickerson, Michael Holmes III, Jocelyn Jackson, and Thomas Snooks. Investigation continues.**

3. Identify the various positions defendant Thomas J. Dart has held with the Office of Sheriff of Cook County and the period of time Defendant Dart served in each position.

**ANSWER: Defendants object to providing any information that is irrelevant to any claims or defenses and/or that is not reasonably calculated to lead to any admissible evidence. Subject to and without waiving these objections, Defendants answer that for approximately two years, Thomas Dart was Chief Advisor to Sheriff Sheahan.**

4. State whether Defendant Thomas Dart has knowledge of the policies, practices and/or procedures of the Office of the Sheriff of Cook County concerning guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER: Defendant Dart has knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies.**

5. Unless your answer to the proceeding interrogatory is an unqualified "no", state the following:

6. The source of Defendant Dart's knowledge of the Sheriff Office policies, practices and procedures for guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants direct Plaintiffs to previously**

**tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.**

7. The date when Defendant Dart first became aware of the Sheriff's Office policies, practices and procedures for guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant Dart became aware of the existence of such policies on or about July 2009. Investigation continues.**

8. Describe Defendant's Dart understanding of the Sheriff's Office policies, practices and procedures of guarding and/or providing security for detainees during transport and while they are patient at a hospital.

**ANSWER: Plaintiff Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies. Investigation continues.**

9. The source which Defendant's Dart relied on for his statement in the June 25, 2009 letter to the editor of the Chicago Tribune that "many women" have escaped from custody during childbirth.

**ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, investigation continues.**

10. Describe any and all steps taken by Defendant Thomas Dart to alter or change the Sheriff's Office policies, practices and procedures of guarding and/or providing security for detainees during transport and while they are patients at a hospital since the filing of Zaborowski v. Sheriff of Cook County, No. 8 C 6946 on December 4, 2008.

**ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.**

11. During the period from December 1, 2004 to the present, has there ever been a practice or policy of restraining and/or shackling certain detainees to hospital beds.

**ANSWER: Defendants object to Interrogatory 11 as it relates to the December 1, 2004 date, because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and not waiving this objection, Defendants answer yes. Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

12. Unless your answer to the proceeding interrogatory is an unqualified "no", state the following:

13. The period of time when the defendants' practice or policy of restraining and/or shackling detainees to hospital beds was in effect.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

14. Whether the defendants' practice or policy or restraining and/or shackling detainees to hospital beds applied to all hospitalized detainees.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

15. If the defendants' practice or policy of restraining and/or shackling detainees to hospital beds only applied only to certain hospitalized detainees, identify what criteria or factors were used by the defendants in selecting which hospitalized detainees were shackled to their hospital beds.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

16. Identify the names of all employees assigned to guard and/or provide security when plaintiff was hospitalized in John H. Stroger Hospital in July of 2009.

**ANSWER: Defendants incorporate by reference previously tendered documents titled External Operations Daily Detainee Hospitalization Checklists. Defendants further direct Plaintiffs to Daily attendant's sheet for dates in question.**

17. Identify any and all reasons why it was necessary to shackle the plaintiff to a hospital bed prior to and after the delivery of her child in July of 2009.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

18. Identify any and all individuals with knowledge relating or pertaining to the plaintiff presenting a flight risk or security risk during her hospitalization in July of 2009.

**ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.**

19. Describe any and all changes and the effective dates of changes, if any, which have been made with respect to the Sheriff's written policies, procedures, and practices concerning guarding or providing security for detainees during transport and while they are patients at a hospital that have occurred after filing of Zaborowski v. Sheriff of Cook County, No. 8 C 6946 on December 4, 2008.

**ANSWER: Defendants object to providing any information that is irrelevant to any claims or defenses and/or that is not reasonable calculated to lead to any admissible evidence. Subject to and without waiving these objections, investigation continues.**

Respectfully Submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By: /s/Patrick Smith
Patrick Smith
Assistant State's Attorney
Deputy Supervisor Torts/Civil Rights Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-2388

## VERIFICATION

The undersigned declares that I am an attorney with the Office of Sheriff of Cook County, and I am duly authorized to verify the Thomas Dart's Answers to Interrogatories, and under penalty of perjury, declare that these answers have been compiled from various sources with assistance of counsel, that I do not have personal and first-hand knowledge of every fact herein, and thus have relied upon the sources identified therein. I do, however, on the basis of that information, certify that I believe the answers herein to be true and correct

By: ______________________

General Counsel,
Office of the Sheriff of Cook County

# Exhibit 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4764 | **DATE** | 4/29/2008 |
| **CASE TITLE** | Egonmwan vs. Cook County Sheriff's Dept et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel the deposition of defendant Michael Sheahan [110] is granted.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is plaintiff's motion to compel the deposition of defendant Michael Sheahan. After reviewing plaintiff's motion, defendants' response and the reply, this Court finds that plaintiff has established the need for the former sheriff's deposition. Current and former high ranking government officials are subject to discovery despite their reluctance to participate. *See e.g., Fairley v. Andrews*, 423 F. Supp.2d, 800, 810-811 (N.D. Ill. 2006). Furthermore, this Court finds that the deposition is likely to lead to the discovery of admissible evidence. We disagree with defendants' suggestion that plaintiff seeks this deposition for the purpose of annoyance or embarrassment. Accordingly, plaintiff's motion to compel is granted and defendants' request for a protective order is denied. To the extent that this Order impacts the ten deposition limit imposed by Rule 30(a)(2), both parties are granted leave to take more than ten depositions.

| Courtroom Deputy Initials: | KF |
|---|---|

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

______________________

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)